UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DEXTER HULL,<br><br>Plaintiff,<br><br>v.<br><br>RUBIN LUBLIN, LLC, HOMETOWN EQUITY MORTGAGE, LLC, NEW PENN FINANCIAL, MARVIN FOX,<br><br>Defendants. | CIVIL ACTION NO.<br><br>1:25-CV-55-SEG-RGV |

**O R D E R**

This case is before the Court on its own initiative. *Pro se* Plaintiff Dexter Hull is a frequent litigant before this Court. He filed this action on January 7, 2025, alleging that Defendants engaged in "legal malpractice and theft" which resulted in "personal loss of income." (Doc. 1 at 4.) Plaintiff seeks damages in the amount of $4,750,000.00. (*Id.*)

"Because a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises." *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001). A plaintiff properly invokes federal question jurisdiction under 28 U.S.C. § 1331 when he

"pleads a colorable claim 'arising under' the Constitution or laws of the United States." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006). Diversity jurisdiction exists where (1) the amount in controversy exceeds the sum or value of $75,000, exclusive of interest, costs and attorneys' fees; and (2) there is complete diversity of citizenship. *See* 28 U.S.C. § 1332(a); *Morrison v. Allstate Indem. Co.,* 228 F.3d 1255, 1261 (11th Cir. 2000). "It is the plaintiff's burden both to allege with sufficient particularity the facts creating jurisdiction, in view of the nature of the right asserted, and, if appropriately challenged, or if inquiry be made by the court of its own motion, to support the allegation." *Morrison*, 228 F.3d at 1273 (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 287 n.10 (1938)).

Here, Hull asserts that the basis for jurisdiction is diversity of citizenship (Doc. 1-1; Doc. 1 at 3), but Hull avers that he is a citizen of Georgia, and appears to allege that two of the defendants, Rubin Lubin, LLC, and Marvin Fox, are also Georgia citizens. (*See* Doc. 1-1 at 1; Doc. 1 at 2.) Diversity jurisdiction is only proper over cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant: i.e., where there is "complete diversity." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996) (citation omitted). Since it appears from the face of the complaint that at least two of the defendants and Hull are citizens of Georgia, this Court does not appear to have

diversity jurisdiction over Hull's claim. *See Stephens v. Wal-Mart Stores E., LP*, Civil Action No. 5:09-cv-325 (CAR), 2010 WL 1487213, at *1 (M.D. Ga. Apr. 12, 2010) ("Where Plaintiff and one of the Defendants are both from Georgia, there is not complete diversity.").

Neither does the complaint allege any facts to support federal question jurisdiction. To the contrary, the complaint merely makes conclusory assertions that Defendants committed "legal malpractice" and "theft" with no facts in support. (*See* Doc. 1 at 4.)

The Court also raises the issue of service of process on Defendants. "Service of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when that defendant has not been served." *Pardazi v. Cullman Med. Ctr.*, 896 F.2d 1313, 1317 (11th Cir. 1990). "Unless service is waived, proof of service must be made to the court. Except for service by a United States marshal or deputy marshal, proof must be by the server's affidavit." Fed. R. Civ. P. 4(l)(1).

Rule 4(m) of the Federal Rules of Civil Procedure provides a 90-day service period and states:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.

> But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m); *see also Lepone-Dempsey v. Carroll Cnty. Comm'rs*, 476 F.3d 1277, 1281 (11th Cir. 2007) (quoting Fed. R. Civ. P. 4(m)). Here, more than 90 days have passed since this case was filed and the docket contains no indication that service has been made on any Defendant.

For the reasons stated above, Plaintiff is **ORDERED TO SHOW CAUSE** by May 2, 2025, in writing **not exceeding 5 pages in length**, why this case should not be dismissed for lack of subject matter jurisdiction and for failure to timely effect service on Defendants. A failure to show cause within that time will result in the dismissal of this action without prejudice. Plaintiff is advised to adhere to his obligations under Rule 11 of the Federal Rules of Civil Procedure in his responsive filing, and in all other filings before this Court.[1]

---

[1] Rule 11(b) states in relevant part:

> (b) By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an . . . unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

**SO ORDERED** this 18th day of April, 2025.

SARAH E. GERAGHTY
United States District Judge

---

(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).