UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DEXTER HULL,<br><br>Plaintiff,<br><br>v.<br><br>RUBIN LUBLIN, LLC, HOMETOWN EQUITY MORTGAGE, LLC, NEW PENN FINANCIAL, MARVIN FOX,<br><br>Defendants. | CIVIL ACTION NO.<br><br>1:25-CV-55-SEG-RGV |

# **ORDER**

On April 18, 2025, the Court directed Plaintiff Dexter Hull to show cause by May 2, 2025, why this case should not be dismissed for (1) lack of subject matter jurisdiction, and (2) failure to timely effect service on Defendants. (Doc. 2.) In its order, the Court explained that diversity jurisdiction appeared to be lacking since Hull's complaint stated that he was a Georgia citizen and appeared to allege that two of the defendants, Rubin Lubin, LLC, and Marvin Fox, were also Georgia citizens. (*See* Doc. 1-1 at 1; Doc. 1 at 2.)[1] The Court further noted that more than 90 days had passed since this case was filed and

[1] Plaintiff's complaint alleges diversity of citizenship as the basis for jurisdiction in this case. (Doc. 1-1, Doc. 1 at 3.) It does not allege any facts plausibly showing that there is federal question jurisdiction.

the docket contained no indication that service had been made on any defendant. Plaintiff was instructed to show cause why this case should not be dismissed and was informed that a failure to timely show cause would result in the dismissal of this action without prejudice. (Doc. 2 at 4.) On May 5, 2025, Hull responded to the Court's order, argued that the Court has subject matter jurisdiction, and sought more time to respond as to the service issue. (Doc. 3.)

**I. Subject Matter Jurisdiction**

As to subject matter jurisdiction, Hull states that he does "not agree[ ] with the court that two of the defendants are in the same state" as Plaintiff. (Doc. 3 at 3.) Hull's response is insufficient. He simply insists that diversity jurisdiction exists, without addressing his own allegations that Plaintiff and two defendants are Georgia citizens. Hull next asserts that he is "changing his claim from Diversity of Jurisdiction to the Violation of his 4th Amendment Right of Protection from Illegal Seizure of Property." (*Id.* at 3.) However, no such Fourth Amendment claim is asserted in the complaint, and Hull has not sought to amend his pleading.[2] Plaintiff has failed to

[2] Neither does Plaintiff appear to have sued any state actor against whom he might assert a Fourth Amendment claim in this case. *See, e.g., Jones v. Embassy Suites, Inc.*, No. 2:21-CV-5, 2023 WL 113056, at *2 (S.D. Ga. Jan. 5, 2023) (dismissing Fourth Amendment claims brought against private actors and stating "[i]t is black letter law that plaintiffs are permitted to challenge unconstitutional actions of only *state* actors, not *private* citizens or

sufficiently show cause that this Court has subject matter jurisdiction. Even if he had so shown, however, this case is independently due to be dismissed under Rule 4(m) for Plaintiff's failure to timely effect service and under Local Rule 41.3(A)(2) for Plaintiff's failure to comply with a lawful court order.

## II. Lack of Service and Failure to Obey a Lawful Court Order

As for the issue of service, Hull asked the Court for more time to respond to the show-cause order, explaining that he had to "go by Fed Ex and get the proof of service." (Doc. 3 at 3.) He further represented that he would "turn that in when he gets back in town next week." (*Id.*) The Court granted Plaintiff's construed request for additional time and extended the show-cause deadline to May 14, 2025. (Doc. 4.) Plaintiff was advised that failure to abide by this deadline would result in dismissal of this case. (*Id.* at 1.)

District courts have broad authority to manage their dockets "with a view toward the efficient and expedient resolution of cases." *Dietz v. Bouldin*, 579 U.S. 40, 47 (2016). Relatedly, Rule 4(m) of the Federal Rules of Civil Procedure provides a 90-day service period and states: "If a defendant is not

---

businesses."); *see also Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir. 1992) ("stating that "[a] successful section 1983 action requires a showing that the conduct complained of . . . was committed by a person acting under color of state law . . ."). Plaintiff instead expresses an intention to assert a Fourth Amendment claim against a private actor with whom he was involved in a business transaction. (Doc. 3 at 2.)

served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m); *see also* *Lepone-Dempsey v. Carroll Cnty. Comm'rs*, 476 F.3d 1277, 1281 (11th Cir. 2007) (quoting Fed. R. Civ. P. 4(m)). "Unless service is waived, proof of service must be made to the court. Except for service by a United States marshal or deputy marshal, proof must be by the server's affidavit." Fed. R. Civ. P. 4(l)(1). Moreover, Local Rule 41.3(A)(2) provides that the Court may dismiss a civil case for want of prosecution if "[a] plaintiff . . . shall, after notice, . . . fail or refuse to obey a lawful order of the Court." LR 41.3(A)(2), NDGa.; *see also* Fed. R. Civ. P. 41(b).

Plaintiff failed to file any additional response to the show-cause order by the extended deadline.[3] A further week has passed, but Plaintiff has not

[3] This is consistent with a pattern by Plaintiff of failure to comply with litigation deadlines and court orders in other matters. *See, e.g., 2 Big Legacy, et al. v. CL-CH Residential Credit Ops, 2 LLC, et al.*, Case 1:23-cv-03133-SEG (Doc. 67 at 4) (noting that Hull failed to appear at two hearings as ordered); *Hull v. Spalding, et al.*, Case 1:25-cv-01598-SEG (Doc. 15) (noting that Hull failed to appear at a motions hearing as ordered); *Hull v. NewRez, LLC*, Case 1:24-cv-01681-SEG (Doc. 9) (dismissing case for failure to follow a court order after Hull sought and was granted leave to file an amended complaint, but

sought an extension of time to effect service or more time to show cause. He has not filed proof of service and has not shown good cause for any failure to serve.

"When . . . 'a plaintiff fails to show good cause for failing to effect timely service pursuant to Rule 4(m),' the district court must still consider whether any other circumstances warrant an extension of time based on the facts of the case," such as whether "the running of the statute of limitations would bar the plaintiff from refiling his claims." *Vento v. Patel*, No. 23-11392, 2024 U.S. App. LEXIS 4342, at *8–9 (11th Cir. Feb. 26, 2024) (quoting *Lepone-Dempsey*, 476 F.3d at 1282). Having considered the matter, including the possible running of the limitations period, the Court does not find any circumstances warranting an additional extension of time to serve. This is especially so given that Plaintiff has not requested more time to serve. Additionally, Plaintiff was advised of the consequences of failure to timely effect service and of failure to timely respond to the Court's order.

---

failed to do so); *Hull v. Capital Funding, et al.*, Case 1:24-cv-01620-SEG (Doc. 9) (adjudicating Hull's request for an "emergency" extension of time to object, filed weeks after the deadline to object to the Magistrate Judge's Report and Recommendation and after the case was closed); *Hull v. Wolgast*, Case 1:25-cv-00129-SEG (Doc. 8) (seeking "emergency" extension of time to file objections after case was closed); *Hull v. Wolgast*, Case 1:25-cv-00133-SEG (Doc. 8) (same).

### III. Conclusion

This action is **DISMISSED WITHOUT PREJUDICE** under Local Rule 41.3(A)(2), NDGa, for Plaintiff's failure to comply with the Court's May 7, 2025, order. It is further **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction and under Rule 4(m) for failure to timely effect service. The Clerk is **DIRECTED** to close this case.

**SO ORDERED** this 21st day of May, 2025.

SARAH E. GERAGHTY
United States District Judge